THE HONORABLE RICARDO S. MARTINEZ

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HEALTH INTEGRATED, INC., and EXLSERVICE TECHNOLOGY SOLUTIONS, LLC,<br><br>    Plaintiffs,<br><br>v.<br><br>COMMUNITY HEALTH PLAN OF WASHINGTON,<br><br>    Defendant. | No. 2:18-cv-01522-RSM<br><br>DEFENDANT COMMUNITY HEALTH PLAN OF WASHINGTON'S MOTION TO DISMISS AND COMPEL ARBITRATION<br><br>**NOTE ON CALENDAR**: **December 7, 2018**<br><br>**Oral Argument Requested** |

DEFENDANT'S MOTION TO DISMISS AND COMPEL ARBITRATION - i

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

# TABLE OF CONTENTS

**PAGE(S)**

I.   INTRODUCTION ........................................................................................................... 1

II.  BACKGROUND ............................................................................................................ 1

III. ARGUMENT .................................................................................................................. 3

    A.   Plaintiffs' complaint should be dismissed because the parties agreed to binding arbitration upon request of either party, and CHPW properly requested arbitration. ................. 3

        1.   Legal standards ................................................................................................ 3

        2.   There is a valid agreement to arbitrate under Section 14.8 of the Agreement, and once requested, arbitration is mandatory. ................................................................ 4

        3.   Section 14.8's arbitration provision covers the current dispute between CHPW and HI and EXL. ................................................................................................. 5

        4.   CHPW did not waive its right to arbitration under Section 14.8. ..................... 7

    B.   The Court should compel plaintiffs to honor the agreement and dismiss this action without prejudice. ......................................................................................................... 9

IV.  CONCLUSION ............................................................................................................... 9

DEFENDANT'S MOTION TO DISMISS AND COMPEL
ARBITRATION - ii

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

# TABLE OF AUTHORITIES

**PAGE(S)**

**CASES**

*Angheloiu v. PeaceHealth*,
    No. C17-5891 BHS, 2018 WL 2461828 (W.D. Wash. May 31, 2018), *appeal filed*, No. 18-35550 (9th Cir. July 2, 2018) ...................................................................... 3, 9

*AT&T Mobility v. Concepcion*,
    563 U.S. 333 (2011) ............................................................................................................. 3

*AT&T Techs., Inc. v. Commc'ns Workers of Am.*,
    475 U.S. 643 (1986) ............................................................................................................. 5

*Benihana of Tokyo, LLC v. Benihana Inc.*,
    73 F. Supp. 3d 238 (S.D.N.Y. 2014) ................................................................................... 4

*Brennan v. Opus Bank*,
    796 F.3d 1125 (9th Cir. 2015) ............................................................................................. 6

*Burgess v. Buddy's Nw. LLC*,
    No. C15-5785 BHS, 2016 WL 7387099 (W.D. Wash. Dec. 21, 2016) ............................... 8

*Chiron Corp. v. Ortho Diagnostic Sys., Inc.*,
    207 F.3d 1126 (9th Cir. 2000) ............................................................................................. 3

*Columbia State Bank v. O'Meara*,
    No. 3:12-cv-00035-AC, 2012 WL 3312894 (D. Or. Aug. 10, 2012) .................................. 4

*Daley v. CVS Pharmacy, Inc.*,
    727 F. App'x 377 (9th Cir. 2018) ........................................................................................ 1

*Ege v. Express Messenger Sys., Inc*,
    No. C16-1167RSL, 2017 WL 87841 (W.D. Wash. Jan. 10, 2017) ..................................... 1

*Fisher v. A.G. Becker Paribas Inc.*,
    791 F.2d 691 (9th Cir. 1986) ............................................................................................... 7

*Gandee v. LDL Freedom Enters., Inc.*,
    176 Wn.2d 598 (2013) ......................................................................................................... 3

*James River Ins. Co. v. Atl. Bldg. Sys., LLC*,
    No. 16-cv-01981-MSK-NYW, 2017 WL 1862303 (D. Colo. May 9, 2017) ...................... 4

DEFENDANT'S MOTION TO DISMISS AND COMPEL
ARBITRATION – iii

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

*Magno v. Experian Info. Sols., Inc.*,
   No. C17-5478, 2018 WL 2984979 (W.D. Wash. June 14, 2018) ............................................. 8

*Martin v. Yasuda*,
   829 F.3d 1118 (9th Cir. 2016) ............................................................................................... 8

*Mbau v. Baker Hughes, Inc.*,
   No. 18-CV-101-JED-FHM, 2018 WL 3484041 (N.D. Okla. July 19, 2018) ........................... 4

*Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*,
   473 U.S. 614 (1985) ............................................................................................................. 3

*Oracle Am., Inc. v. Myriad Grp. A.G.*,
   724 F.3d 1069 (9th Cir. 2013) ........................................................................................... 6, 7

*Otis Hous. Ass'n, Inc. v. Ha*,
   165 Wn.2d 582 (2009) .......................................................................................................... 7

*River House Dev., Inc. v. Integrus Architecture, P.S.*,
   167 Wn. App. 221 (2012) .................................................................................................. 7, 8

*Scout.com, LLC v. Bucknuts, LLC*,
   No. C07-1444 RSM, 2007 WL 4143229 (W.D. Wash. Nov. 16, 2007)
   (Martinez, J.) ........................................................................................................................ 3

*Seattle-First Nat'l Bank v. Westlake Park Assocs.*,
   42 Wn. App. 269 (1985) ....................................................................................................... 5

*Sparling v. Hoffman Constr. Co.*,
   864 F.2d 635 (9th Cir. 1988) ............................................................................................ 3, 9

*Thinket Ink Info. Res., Inc. v. Sun Microsystems, Inc.*,
   368 F.3d 1053 (9th Cir. 2004) ..................................................................................... 1, 3, 9

*United States v. Park Place Assocs., Ltd.*,
   563 F.3d 907 (9th Cir. 2009) ................................................................................................ 7

*United Steelworkers of Am. v. Warrior & Gulf Navigation Co.*,
   363 U.S. 574 (1960) ............................................................................................................. 5

*Van Ness Townhouses v. Mar Indus. Corp.*,
   862 F.2d 754 (9th Cir. 1988) ................................................................................................ 7

*Verbeek Props., LLC v. GreenCo Envtl., Inc.*,
   159 Wn. App. 82 (2010) ....................................................................................................... 3

DEFENDANT'S MOTION TO DISMISS AND COMPEL
ARBITRATION – iv

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

*Wallace v. AmSurg Holdings, Inc.*,
   No. 6:15-cv-01548-MC, 2015 WL 7568592 (D. Or. Nov. 24, 2015) ..........................................6

**STATUTES**

Federal Arbitration Act, 9 U.S.C. § 1, *et seq.*, ..................................................................1, 3, 9

RCW 7.04A.070 ...........................................................................................................................1

RCW 7.04A.070(5) .......................................................................................................................9

**OTHER AUTHORITIES**

FRCP 12(b)(1) ..............................................................................................................................1

FRCP 12(b)(3) ..............................................................................................................................1

FRCP 12(b)(6) ..............................................................................................................................1

DEFENDANT'S MOTION TO DISMISS AND COMPEL
ARBITRATION – v

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

## I.  INTRODUCTION

Defendant Community Health Plan of Washington ("CHPW") respectfully requests that the Court dismiss this action and compel arbitration pursuant to Federal Rules of Civil Procedure ("FRCP") 12(b)(1), 12(b)(3) and 12(b)(6), the Federal Arbitration Act, 9 U.S.C. § 1, *et seq.*, RCW 7.04A.070, and/or the parties' arbitration agreement.[1]

This dispute relates to a contract for Health Integrated, Inc. ("HI") to supply certain services to assist CHPW in serving its Washington Medicaid and Medicare insureds, including care management, complex case management, and disease management services. Both parties agreed that if a dispute could not be resolved through good faith negotiation and mediation, either party was entitled to initiate mandatory and binding arbitration pursuant to the American Health Lawyers Association Alternative Dispute Resolution Service Rules of Procedure for Arbitration ("AHLA Arbitration Rules"). After mediation of the present contract dispute failed, HI and ExlService Technology Solutions, LLC ("EXL") filed this lawsuit. Contemporaneously, CHPW elected its contractual right to arbitrate this dispute. Contrary to the agreement, HI and EXL have communicated to CHPW a refusal to arbitrate and an intention to improperly continue this lawsuit.

CHPW therefore respectfully requests that the Court enforce the parties' agreement to arbitrate and order the dismissal of this action, which blatantly violates the contract.

## II.  BACKGROUND

CHPW is a not-for-profit Washington corporation that provides managed care services to people in Washington State who qualify for Medicaid or Medicare Advantage. Compl., ECF No.

---

[1] Courts in the Ninth Circuit dismiss claims in favor of arbitration under FRCP 12(b)(1), 12(b)(3), and 12(b)(6). *Daley v. CVS Pharmacy, Inc.*, 727 F. App'x 377, 377-78 (9th Cir. 2018) (affirming motion to dismiss and compel arbitration under FRCP 12(b)(1)); *Thinket Ink Info. Res., Inc. v. Sun Microsystems, Inc.*, 368 F.3d 1053, 1060 (9th Cir. 2004) (finding the district court did not err in dismissing case subject to arbitration via FRCP 12(b)(6)); *Ege v. Express Messenger Sys., Inc*, No. C16-1167RSL, 2017 WL 87841, at *6 (W.D. Wash. Jan. 10, 2017) (granting a motion to compel and dismissing claims via FRCP 12(b)(3)).

DEFENDANT'S MOTION TO DISMISS AND COMPEL ARBITRATION - 1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1, at ¶¶ 5, 6. In 2016, CHPW and HI, EXL's predecessor in interest, executed a services agreement (the "Agreement") where HI contracted to provide state-of-the-art care management, case management, and other services to assist CHPW in its provision of services to Washington Medicaid and Medicare patients. *Id.* at ¶¶ 3, 6, 10, 11, 14; Ex. A, ECF No. 1-1, at 4.

Section 14.8 of the Agreement contains a "Dispute Resolution" provision that gives either party the right to elect mandatory and binding arbitration if mediation cannot resolve the dispute. Section 14.8 reads:

> ***If the dispute is not resolved through mediation, either Party may request binding arbitration***, which shall be conducted in Seattle, Washington in accordance with the American Health Lawyers Association Alternative Dispute Resolution Service Rules of Procedure for Arbitration. The final decision of the arbitrator in such an instance shall be set forth in writing, signed by the arbitrator, and shall be binding on each Party.

Compl. Ex. A, ECF No. 1-1, at 37.

The parties mediated but did not reach a resolution. Declaration of Matthew Gordon in Support of Defendant's Motion to Dismiss and Compel Arbitration ("Gordon Decl.") ¶ 2. On October 19, 2018, CHPW elected its right under Section 14.8 of the Agreement and demanded binding arbitration of the dispute. *Id*. ¶ 3. Disregarding CHPW's express right to elect arbitration, EXL and HI communicated their refusal of the notice and indicated their determination to continue this lawsuit. *Id*. On November 9, 2018, CHPW filed a proper Demand for Arbitration with the American Health Lawyers Association Alternative Dispute Resolution Service pursuant to Section 14.8 of the Agreement. *Id*. ¶ 4.

DEFENDANT'S MOTION TO DISMISS AND COMPEL ARBITRATION – 2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

### III. ARGUMENT

**A. Plaintiffs' complaint should be dismissed because the parties agreed to binding arbitration upon request of either party, and CHPW properly requested arbitration.**

#### 1. Legal standards

Federal law and Washington law strongly favor arbitration as a matter of public policy. *See, e.g.*, *AT&T Mobility v. Concepcion*, 563 U.S. 333, 345-46 (2011); *Gandee v. LDL Freedom Enters., Inc.*, 176 Wn.2d 598, 603 (2013); *Verbeek Props., LLC v. GreenCo Envtl., Inc.*, 159 Wn. App. 82, 87 (2010) ("Courts must indulge every presumption in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability."). The Federal Arbitration Act independently applies to written arbitration agreements that "involv[e] commerce." 9 U.S.C. § 2. The parties' Agreement identifies Washington law as the governing law for interpreting the Agreement.[2]

Where (1) "a valid agreement to arbitrate exists" and (2) "the agreement encompasses the dispute at issue," the arbitration agreement must be enforced. *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000). And "[i]f there exists a doubt about whether an issue or dispute is arbitrable, the doubt should be resolved in favor of arbitration." *Scout.com, LLC v. Bucknuts, LLC*, No. C07-1444 RSM, 2007 WL 4143229, at *3 (W.D. Wash. Nov. 16, 2007) (Martinez, J.) (citing *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 626 (1985)).

Where, as here, the arbitration provision applies broadly, dismissal is the proper remedy. *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 638 (9th Cir. 1988); *Thinket*, 368 F.3d at 1060 (finding the district court did not err in dismissing case subject to arbitration); *Angheloiu v. PeaceHealth*, No. C17-5891 BHS, 2018 WL 2461828, at *3-4 (W.D. Wash. May 31, 2018)

---

[2] Section 14.10 of the Agreement states that Washington State law "will govern all questions concerning the construction, validity, enforceability and interpretation of this Agreement[.]" Compl. Ex. A, ECF No. 1-1, at 37. For purposes of this motion, there is no daylight between federal arbitration law and Washington contract law. Both compel enforcement of arbitration demands.

DEFENDANT'S MOTION TO DISMISS AND COMPEL ARBITRATION – 3

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

(dismissing action after finding defendant met its burden to compel arbitration), *appeal filed*, No. 18-35550 (9th Cir. July 2, 2018)).

### 2. There is a valid agreement to arbitrate under Section 14.8 of the Agreement, and once requested, arbitration is mandatory.

Under Section 14.8 of the Agreement, CHPW's right to arbitration is mandatory once invoked. Section 14.8 provides "[i]f a dispute is not resolved through mediation, *either Party may request binding arbitration. . . .* The *final decision of the arbitrator* in such an instance shall be set forth in writing, signed by the arbitrator, and *shall be binding on each Party.*" Compl. Ex. A, ECF No. 1-1, at 37 (emphases added). Once a party elects to pursue arbitration, it is mandatory. *See Columbia State Bank v. O'Meara*, No. 3:12-cv-00035-AC, 2012 WL 3312894, at *1 (D. Or. Aug. 10, 2012) ("The plain meaning of the 'upon request of either party' language is that either party may request arbitration and thereby trigger the arbitration obligation. One party's preference for court does not control."); *Benihana of Tokyo, LLC v. Benihana Inc.*, 73 F. Supp. 3d 238, 249-51 (S.D.N.Y. 2014); (finding language that "either party . . . may elect" to arbitrate "indicates that arbitration is mandatory once invoked by either party"); *James River Ins. Co. v. Atl. Bldg. Sys., LLC*, No. 16-cv-01981-MSK-NYW, 2017 WL 1862303, at *3-4 (D. Colo. May 9, 2017) (holding provision that "either party may request that the dispute be subjected to binding arbitration" was "mandatory once either party makes a demand for arbitration").

Section 14.8 cannot persuasively be read as merely an optional arbitration provision once invoked by a party or as requiring consent of both parties because to do so would render the clause meaningless. *Benihana*, 73 F. Supp. 3d. at 250; *Mbau v. Baker Hughes, Inc.*, No. 18-CV-101-JED-FHM, 2018 WL 3484041, at *1-2 (N.D. Okla. July 19, 2018) (rejecting argument that provision saying either party may elect arbitration is optional once elected because such an interpretation would render the clause "meaningless and without force and effect"). Indeed, if the right to elect arbitration under Section 14.8 is not mandatory, one party's preference for litigation would control, thereby nullifying the other party's contractual right to elect arbitration, which

DEFENDANT'S MOTION TO DISMISS AND COMPEL ARBITRATION – 4

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

would defy Section 14.8's express language and encourage a race to the courthouse to deprive such right.

There are no contrary provisions in the Agreement. Sections 14.10 and 14.11 apply where neither party invokes arbitration and the dispute is litigated in court, but they cannot be read to displace the parties' right to invoke arbitration. Section 14.10 provides "any disputes arising out of this Agreement will be subject to the exclusive jurisdiction of the state and federal courts located in King County, Washington; and, each Party hereby consents to the jurisdiction of such courts," and Section 14.11 provides that "any legal action, suit or proceeding brought by it in any way arising out of this Agreement must be brought solely and exclusively in the state courts located in King County . . . or the district court of the United States for the district and division embracing King County." Compl. Ex. A, ECF No. 1-1, at 37. Those provisions plainly apply if *neither* party invokes arbitration and the parties elect instead to resolve their dispute in a court of law. To read them otherwise would vitiate the meaning of Section 14.8's arbitration provision. *See Seattle-First Nat'l Bank v. Westlake Park Assocs.*, 42 Wn. App. 269, 274 (1985) ("An interpretation which gives effect to all of the words in a contract provision is favored over one which renders some of the language meaningless or ineffective.").

### 3. Section 14.8's arbitration provision covers the current dispute between CHPW and HI and EXL.

Courts must order arbitration "unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. Doubts should be resolved in favor of coverage." *AT&T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 650 (1986) (quoting *United Steelworkers of Am. v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 582-83 (1960)).

Section 14.8 covers this dispute. The section reads in part "[t]he Parties will promptly meet and confer to resolve *any problems* that arise. If a dispute is not resolved, *the Parties will participate in . . . mediation . . . .* If the dispute is not resolved through mediation, *either Party*

DEFENDANT'S MOTION TO DISMISS AND COMPEL ARBITRATION – 5

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

*may request binding arbitration*[.]" Compl. Ex. A, ECF No. 1-1, at 37 (emphases added). The controlling language of the contract is "any problems that arise." Filing of the instant suit and the arbitration demand shows that these "problems" clearly arose under the contract. Per Section 14.8, the parties mediated this dispute and CHPW subsequently elected arbitration. Nonetheless, HI and EXL deviated from Section 14.8 by rejecting CHPW's arbitration demand. *See* Gordon Decl. ¶ 3.

To the extent there is any uncertainty about whether this present dispute is arbitrable, that should be decided by the AHLA arbitrator because CHPW and HI clearly and unmistakably delegated questions of arbitrability to the AHLA arbitrator. Where parties clearly and unmistakably agree that an arbitrator should decide questions of arbitrability in a dispute, then the court must defer to the arbitrators on "gateway issues" of arbitrability. *Brennan v. Opus Bank*, 796 F.3d 1125, 1130 (9th Cir. 2015); *Oracle Am., Inc. v. Myriad Grp. A.G.*, 724 F.3d 1069, 1072 (9th Cir. 2013). Incorporating specific arbitration regimes in an arbitration provision "clearly and unmistakably" demonstrates the parties' intent to have an arbitrator determine arbitrability of the dispute, not a court. *Brennan*, 796 F.3d at 1130-31.

In *Brennan*, the contract at issue said "any controversy or claim . . . shall be settled by binding arbitration in accordance with the Rules of the American Arbitration Association" (AAA), and the AAA rules said the "*arbitrator shall have the power to rule on his or her own jurisdiction*, including any objections with respect to the . . . validity of the arbitration agreement." *Id.* at 1128. The Ninth Circuit affirmed the district court's ruling that the "incorporation of the AAA rules constituted 'clear and unmistakable' evidence of [the parties'] intent to submit the arbitrability dispute to arbitration." *Id.* at 1131. The same is true with other arbitration regimes, including the AHLA Arbitration Rules. *See, e.g.*, *Wallace v. AmSurg Holdings, Inc.*, No. 6:15-cv-01548-MC, 2015 WL 7568592, at *7-8 (D. Or. Nov. 24, 2015) (finding "[t]he AHLA language is very similar to language the Ninth Circuit held constitutes 'clear and unmistakable evidence that the parties agreed to arbitrate arbitrability'" and

DEFENDANT'S MOTION TO DISMISS AND COMPEL ARBITRATION – 6

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

concluding the same with the AHLA rules); *Oracle Am. Inc.*, 724 F.3d at 1077 (holding "[i]ncorporation of the UNCITRAL arbitration rules into the parties' commercial contract constitutes clear and unmistakable evidence that the parties agreed to arbitrate arbitrability.").

Here, CHPW and HI "clearly and unmistakably" delegated questions of arbitrability to the AHLA arbitrator. Section 14.8 of the Agreement states "[i]f the dispute is not resolved through mediation, either Party may request binding arbitration . . . in accordance with the American Health Lawyers Association Alternative Dispute Resolution Service Rules of Procedure for Arbitration." Compl. Ex. A, ECF No. 1-1, at 37. Section 3.1 of the Rules of Procedure for Commercial Arbitration for the AHLA Dispute Resolution Service provides "*the arbitrator*, once appointed, *shall have the power to determine his or her jurisdiction and any issues of arbitrability*." Gordon Decl. Ex. B, at 5. Section 14.8's incorporation of the AHLA rules, coupled with Section 3.1 of the rules, "clearly and unmistakably" demonstrates that CHPW and HI agreed to delegate questions of arbitrability to the AHLA arbitrator.

### 4. CHPW did not waive its right to arbitration under Section 14.8.

Any argument that HI and EXL's filing of this lawsuit works a waiver of CHPW's right to elect arbitration is meritless. Not only is waiver of a right to arbitration disfavored under federal and Washington State law, but any party arguing waiver "bears a heavy burden of proof." *United States v. Park Place Assocs., Ltd.*, 563 F.3d 907, 921 (9th Cir. 2009) (quoting *Van Ness Townhouses v. Mar Indus. Corp.*, 862 F.2d 754, 758 (9th Cir. 1988)); *River House Dev., Inc. v. Integrus Architecture, P.S.*, 167 Wn. App. 221, 237 (2012).

In federal court, the party aiming to prove waiver must show "(1) knowledge of an existing right to compel arbitration; (2) acts inconsistent with that existing right; and (3) prejudice to the party opposing arbitration resulting from such inconsistent acts." *Park Place*, 563 F.3d at 921 (quoting *Fisher v. A.G. Becker Paribas Inc.*, 791 F.2d 691, 694 (9th Cir. 1986)). Washington State law is similar to the second prong of the Ninth Circuit test. *Otis Hous. Ass'n,*

DEFENDANT'S MOTION TO DISMISS AND COMPEL ARBITRATION – 7

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

*Inc. v. Ha*, 165 Wn.2d 582, 588 (2009) ("Simply put, we hold that a party waives a right to arbitrate if it elects to litigate instead of arbitrate.).

Federal courts find the second element satisfied "when a party chooses to delay his right to compel arbitration by actively litigating his case to take advantage of being in federal court." *Martin v. Yasuda*, 829 F.3d 1118, 1125 (9th Cir. 2016); *Magno v. Experian Info. Sols., Inc.*, No. C17-5478, 2018 WL 2984979, at *2-3 (W.D. Wash. June 14, 2018) (finding Verizon's 10-month delay in moving to compel arbitration did **not** rise to waiver); *River House*, 167 Wn. App. at 237-38 (finding waiver when party moving to compel litigation filed the initial lawsuit instead of mediating, participated in discovery, supplied witness lists, participated in a case scheduling conference and more). CHPW has done no such thing. CHPW has not filed an answer. CHPW has not litigated this dispute on the merits in court. And, CHPW has not engaged in any discovery. CHPW has requested arbitration, filed a demand for arbitration, and moved to compel arbitration and dismiss this suit without otherwise participating in the litigation. *See* Gordon Decl. ¶¶ 3, 4.

As to the third element, federal courts consider whether a party claiming prejudice shows that it has "incurred costs that [it] would not otherwise have incurred" as a result of defendants delaying a motion to compel arbitration. *Martin*, 829 F.3d at 1126. But, courts do not count a party's "'self-inflicted' wounds that [it] incurred as a direct result of suing in federal court contrary to the provisions of an arbitration agreement." *Id*. Even filing a responsive pleading and making discovery requests for production and interrogatories does not constitute sufficient prejudice to establish waiver. *Burgess v. Buddy's Nw. LLC*, No. C15-5785 BHS, 2016 WL 7387099, at *1, 4 (W.D. Wash. Dec. 21, 2016). CHPW's conduct has in no way caused HI or EXL to incur any costs related to this action outside of any "self-inflicted" wounds that could likely have been avoided by discussing the possibility of arbitration before filing this lawsuit.

DEFENDANT'S MOTION TO DISMISS AND COMPEL ARBITRATION – 8

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

**B.     The Court should compel plaintiffs to honor the agreement and dismiss this action without prejudice.**

The Court should dismiss this action because Section 14.8 of the Agreement provides that *any dispute* is ultimately subject to arbitration. Compl. Ex. A, ECF No. 1-1, at 37. Although section 3 of the Federal Arbitration Act (and RCW 7.04A.070(5)) states that a court shall stay an action pending arbitration, courts in the Ninth Circuit may dismiss an action where the arbitration provision is sufficiently broad to bar the plaintiff's claims. *Sparling*, 864 F.2d at 638; *Thinket*, 368 F.3d at 1060 (finding the district court did not err in dismissing case subject to arbitration); *Angheloiu*, 2018 WL 2461828, at *4 (dismissing action after finding defendant met its burden to compel arbitration). Here, Section 14.8 of the Agreement covers the issues in dispute in this case and compels arbitration. Moreover, CHPW has already filed an arbitration demand. Gordon Decl. ¶ 4. There is no need to stay this case.

### IV.     CONCLUSION

For the foregoing reasons, the Court should enforce the arbitration provisions to which the parties agreed by ordering Plaintiffs to arbitrate this dispute and dismissing this action.

RESPECTFULLY SUBMITTED this 9th day of November 2018.

By: s/ Matthew P. Gordon No. 41128
By: s/ David B. Robbins, WSBA No. 13628
By: s/ Heath L. Hyatt, WSBA No. 54141
Matthew P. Gordon, WSBA No. 41128
David B. Robbins, WSBA No. 13628
Heath L. Hyatt, WSBA No. 54141
**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Telephone:  206.359.8000
Facsimile:  206.359.9000
Email:  MGordon@perkinscoie.com
            DRobbins@perkinscoie.com
            HHyatt@perkinscoie.com

Attorneys for Defendant Community Health Plan of Washington

DEFENDANT'S MOTION TO DISMISS AND COMPEL ARBITRATION – 9

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

## CERTIFICATE OF SERVICE

I certify under penalty of perjury that on November 9, 2018, I electronically filed the foregoing DEFENDANT COMMUNITY HEALTH PLAN OF WASHINGTON'S MOTION TO DISMISS AND COMPEL ARBITRATION with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following attorney(s) of record:

| Tyler Lawrence Farmer, WSBA # 39912<br>HARRIGAN LEYH FARMER & THOMSEN LLP<br>999 Third Avenue, Suite 4400<br>Seattle, WA 98104<br>206-623-1700<br>206-623-8717 (Fax)<br>tylerf@harriganleyh.com<br><br>*Attorney for Plaintiffs ExlService Technology Solutions, LLC and Health Integrated, Inc.* | Caitlin B Pratt, WSBA # 48422<br>HARRIGAN LEYH FARMER & THOMSEN LLP<br>999 Third Avenue, Suite 4400<br>Seattle, WA 98104<br>206-623-1700<br>206-623-8717 (Fax)<br>caitlinp@harriganleyh.com<br><br>*Attorney for Plaintiffs ExlService Technology Solutions, LLC and Health Integrated, Inc.* |
|---|---|

DATED this 9th day of November 2018.

By: s/ Matthew P. Gordon
Matthew P. Gordon, WSBA No. 41128
**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000
E-mail: MGordon@perkinscoie.com

*Attorney for Defendant Community Health Plan of Washington*

CERTIFICATE OF SERVICE – 1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000