UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HEALTH INTEGRATED, INC., and EXLSERVICE TECHNOLOGY SOLUTIONS, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>COMMUNITY HEALTH PLAN OF WASHINGTON,<br><br>Defendant. | CASE NO. C18-1522 RSM<br><br>ORDER GRANTING DEFENDANT COMMUNITY HEALTH PLAN OF WASHINGTON'S MOTION TO DISMISS AND COMPEL ARBITRATION |

## I. INTRODUCTION

This matter is before the Court on Defendant Community Health Plan of Washington's Motion to Dismiss and Compel Arbitration. Dkt. #7. Defendant argues that its agreement with Plaintiff[1] requires that this action be arbitrated. *Id.* at 1. Plaintiff argues that the agreement allows for either arbitration or this action. Dkt. #17 at 1. Defendant requests oral argument, but the Court finds oral argument unnecessary to its resolution of the Motion. Having reviewed the

---

[1] For ease and clarity, the Court uses the singular "Plaintiff" to refer to both Health Integrated, Inc. ("HI") and Exlservice Technology Solutions, LLC ("EXL"). The contract at issue was between Defendant and HI. Dkt. #1-1 at 2. As alleged in the Complaint, "EXL is the successor-in-interest to substantially all the business and assets of HI" but HI maintains "an interest in the claims herein" and both have the right to prosecute these claims. Dkt. #1 at ¶ 3. As their interests appear the same, the Court finds it preferable to use the singular.

ORDER – 1

briefing of the parties and the relevant record and for the reasons below, the Court grants Defendant's Motion.

## II.  BACKGROUND

Plaintiff provides "comprehensive and integrated medical and behavioral health management services." Dkt. #1 at ¶ 4. Defendant provides managed care services primarily for individuals qualifying for Medicare and Medicaid. *Id.* at ¶ 6. In 2016, the parties entered a Delegated Services Agreement ("Agreement") under which Plaintiff provided certain services for Defendant. Dkt. #1-1. Ultimately, a dispute arose between the parties. Plaintiff characterizes the dispute, with reference to its Complaint, as follows:

> In providing services to [Defendant] and as permitted under the Agreement, [Plaintiff] utilized [Defendant's] technology platform. Dkt. # 1 at p. 3–4, ¶¶ 13, 14. [Plaintiff] explored options for purchasing or building other platforms. Dkt. # 1 at p. 5, ¶ 17. Ultimately, [Plaintiff] agreed to purchase an upgraded platform suggested by [Defendant] for [Plaintiff's] use in providing services to all [Plaintiff] clients, including [Defendant]. Dkt. # 1 at p. 4–5, ¶¶ 15-19. Shortly thereafter, [Defendant] terminated the Agreement and later insisted that [Plaintiff] bear [Defendant's] cost of implementing a new platform for [Defendant's] exclusive use following termination. Dkt. # 1 at p. 6, ¶¶ 22, 24. Although [Plaintiff] consistently maintained that such costs were [Defendant's] responsibility, [Defendant] attempted to recoup its alleged costs by offsetting amounts owed to [Plaintiff] and refusing to release **$1,000,000** held in trust for [Plaintiff]. Dkt. # 1 at p. 11–12, ¶¶ 44-49.

Dkt. #17 at 5–6 (emphasis in original).

To resolve the dispute, the Agreement required the parties to first meet and confer and, if unsuccessful, subsequently participate in mediation. Dkt. #1-1 at 38 (Section 14.8). The parties have followed that process but have been unsuccessful in resolving the dispute. Dkt. #8 at ¶ 2. The parties disagree as to the next step in resolving the dispute.

Defendants argue that the Agreement requires the parties to engage in binding arbitration and that this action is therefore precluded. Defendant relies upon Section 14.8 of the Agreement, which provides:

ORDER – 2

> 14.8 **Dispute Resolution**. Each Party shall cooperate in good faith and deal fairly in its performance hereunder to accomplish the Parties' objectives and avoid disputes. The Parties will promptly meet and confer to resolve any problems that arise. If a dispute is not resolved, the Parties will participate in and equally share the expense of a mediation conducted by a neutral third party professional. If the dispute is not resolved through mediation, either Party may request binding arbitration, which shall be conducted in Seattle, Washington in accordance with the American Health Lawyers Association Alternative Dispute Resolution Service Rules of Procedure for Arbitration. The final decision of the arbitrator in such an instance shall be set forth in writing, signed by the arbitrator, and shall be binding on each Party.

Dkt. #1-1 at 38 (Section 14.8).

Plaintiff maintains that the Agreement allows for either arbitration or a lawsuit and that this action is therefore proper. Plaintiff relies on Sections 14.10 and 14.11 of the Agreement, which provide:

> 14.10 **Governing Law**. The laws of the State of Washington (other than the choice of law rules) will govern all questions concerning the construction, validity, enforceability and interpretation of this Agreement and the performance of obligations imposed by this Agreement. Any disputes arising out of this Agreement will be subject to the exclusive jurisdiction of the state and federal courts located in King County, Washington; and, each Party hereby consents to the jurisdiction of such courts.
>
> 14.11 **Sole and Exclusive Venue**. Each Party irrevocably agrees that any legal action, suit or proceeding brought by it in any way arising out of this Agreement must be brought solely and exclusively in the state courts located in King County in the State of Washington or the district court of the United States for the district and division embracing King County in the State of Washington, and irrevocably accepts and submits to the sole and exclusive jurisdiction of each of the aforesaid courts in personam, generally and unconditionally with respect to any action, suit or proceeding brought by it or against it by the other Party.

*Id.* (Sections 14.10 and 14.11).

### III. DISCUSSION

**A. Legal Standard**

Defendant brings its Motion to Dismiss and Compel Arbitration pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(3), and 12(b)(6). Proceeding under any of those rules, the

ORDER – 3

Court's consideration appears to ultimately be the same: Whether the parties have agreed to arbitrate disputes arising under their Agreement. Plaintiff does not argue that any of the rules would alter the Court's consideration of this question and the Court proceeds accordingly.

"The FAA provides that any arbitration agreement within its scope 'shall be valid, irrevocable, and enforceable,' and permits a party 'aggrieved by the alleged refusal of another to arbitrate' to petition any federal district court for an order compelling arbitration in the manner provided for in the agreement." *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000) (citation and ellipses omitted). "The FAA requires federal district courts to stay judicial proceedings and compel arbitration of claims covered by a written and enforceable arbitration agreement." *Nguyen v. Barnes & Noble Inc.*, 763 F.3d 1171, 1175 (9th Cir. 2014) (internal citation omitted); *Chiron*, 207 F.3d at 1130 ("[T]he Act 'leaves no place for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed.'") (citation omitted).

"The FAA limits the district court's role to determining whether a valid arbitration agreement exists, and whether the agreement encompasses the disputes at issue." *Nguyen*, 763 F.3d at 1175 (citing *Chiron*, 207 F.3d at 1130). To determine "whether a valid arbitration agreement exists, federal courts 'apply ordinary state-law principles that govern the formation of contracts.'" *Id.* (quoting *First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 944 (1995)). "Like other contracts, arbitration agreements can be invalidated for fraud, duress, or unconscionability." *Chavarria v. Ralphs Grocery Co.*, 733 F.3d 916, 921 (9th Cir. 2013) (citing *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333 (2011)). "As arbitration is favored, those parties challenging the enforceability of an arbitration agreement bear the burden of proving that

ORDER – 4

the provision is unenforceable." *Mortensen v. Bresnan Commc'ns, LLC*, 722 F.3d 1151, 1157 (9th Cir. 2013) (citing *Green Tree Fin. Corp.-Ala. v. Randolph,* 531 U.S. 79, 91 (2000)).

**B. The Parties' Agreement Requires Arbitration Where One Party Requests It**

As a threshold matter, neither party contests the existence, validity, or enforceability of the Agreement or any of the relevant provisions. The only question is whether their dispute must proceed to arbitration under the Agreement.

Defendant's primary argument is that reading Section 14.8's arbitration clause as permissive would render it meaningless because a party is always free to request, and the parties are always free to agree to, arbitration. Dkt. #7 at 4–5. Defendant argues that this is consistent with the other provisions of the Agreement because "Sections 14.10 and 14.11 apply where neither party invokes arbitration and the dispute is litigated in court." *Id.* at 5.

Plaintiff believes that the Agreement provides parties the option of arbitrating an unresolved dispute or litigating the dispute. Plaintiff focuses primarily on Section 14.8's use of "will" and "may," to argue that the Agreement says that they "will" meet and confer and "will" participate in mediation, but that they simply "may" request arbitration. Dkt. #17 at 7. But this interpretation is unpersuasive where the permissive cannot be switched to the mandatory by switching the word used. Using "will" instead of "may" would make the provision non-sensical ("either party <u>will</u> request arbitration"). Concluding that a permissive word makes the clause permissive is overly simplistic where they are not interchangeable. The interpretation depends on the wording of the provision, not a single word.

Plaintiff's interpretation and argument further focuses on the use of "request" instead of "demand." *Id.* at 9. While the Court agrees that the parties *could have* more clearly expressed their intent to force arbitration, the wording and structure nevertheless makes the parties' intent

ORDER – 5

clear. *Scott Galvanizing, Inc. v. Northwest Enviroservices, Inc.*, 120 Wash.2d 573, 580, 844 P.2d 428, 432 (1993) ("touchstone of the interpretation of contracts is the intent of the parties"). Plaintiff's reliance on alternate wording of the provision is meaningless because just as easily as the provision can be tweaked to clearly require arbitration, it can be tweaked to make arbitration entirely permissive. The Court interprets and gives effect to the language the parties agreed to.

The Court's interpretation of the Agreement is further supported by several considerations. First, this outcome is consistent with the presumption toward arbitrability under both federal and Washington law, as Defendant notes. Dkt. #18 at 1 (citing *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 345-46 (2011); *Gandee v. LDL Freedom Enters., Inc.*, 176 Wash.2d 598, 603, 293 P.3d 1197 (2013); *Verbeek Props., LLC v. GreenCo Envtl., Inc.*, 159 Wn. App. 82, 87, 246 P.3d 205 (2010)).

Second, this interpretation gives effect to all provisions of the Agreement. Plaintiff argues that reading the Agreement as requiring mandatory arbitration hinders Section 14.11's "sweeping" pronouncement that legal actions "must be brought solely and exclusively" in state or federal courts within King County, Washington. Dkt. #17 at 11–12. Plaintiff argues that this pronouncement would then be "limited to a narrow purpose: confirming an arbitration award." *Id.* But, this still gives the provision effect in all instances—where arbitration is requested and where it is not. Conversely, and as Defendant notes, Plaintiff's reading of Sections 14.10 and 14.11 makes the arbitration clause of Section 14.8 superfluous in every situation. Dkt. #18 at 6–8. Either one party would refuse arbitration, resulting in a lawsuit, or the parties would agree to arbitrate the claims—as they were free to do without any contractual right. *Snohomish Cnty. Pub. Transp. Benefit Area Corp v. FirstGroup America, Inc.*, 173 Wash.2d 829, 841, 271 P.3d

ORDER – 6

850, 856 (2012) ("interpretation of a contract that gives effect to all provisions is favored over an interpretation that renders a provision ineffective").

Third, Defendant points out that Plaintiff may still raise jurisdictional arguments within the arbitration according to the rules adopted by the parties. Dkt. #18 at 5 (citing the American Health Lawyers Association Alternative Dispute Resolution Service Rules of Procedure for Arbitration (Dkt. #8 at 30)). Should the arbitrator find jurisdiction lacking, the Agreement would allow the parties to return to this Court.

Fourth, and finally, this result is consistent with the reasoning in *Kropke v. Dunbar*, which the Court finds well-reasoned and most analogous to this case. Case No. CV-16-08753-MFW (FFMx) 2017 WL 8186746 (C.D. Cal. March 2, 2017). In *Kropke*, the court interpreted language providing that if a dispute was not resolved informally, "it may be submitted to an arbitrator, if requested in writing by either party, for binding determination." *Id.* at *4. The court concluded that this language provided for mandatory arbitration. In doing so, it rejected the arguments that (1) the use of "may" made arbitration permissive and (2) that the use of "requested" meant that both parties had to agree to mediation. *Id.* Even though the permissive "may" was used, when read in context, it

> anticipates the conditional language that follows later in the sentence; the dispute may or may not be submitted to an arbitrator, depending on whether either party requests as much. But the sentence as a whole unambiguously indicates that *if* one party requests a binding arbitration, the dispute must be submitted to a 'final, binding, and conclusive' arbitration.

*Id.* at *5 (emphasis in original). Further still, that court rejected a contrary reading because requiring both parties to agree to arbitration, would conflict with the language providing that "either party" could request binding arbitration and thereby trigger mandatory arbitration. *Id.* The court's reasoning is equally applicable and persuasive in the context of this case.

ORDER – 7

## IV. CONCLUSION

Having reviewed Defendant's Motion, the relevant briefing and supporting declarations and exhibits, and the remainder of the record, the Court finds and ORDERS that:

1. Defendant Community Health Plan of Washington's Motion to Dismiss and Compel Arbitration (Dkt. #7) is GRANTED;

2. The parties shall arbitrate the dispute pursuant to the terms of their Agreement;

3. This matter is DISMISSED without prejudice; and

4. This matter is CLOSED.

DATED this 31st day of January 2019.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER – 8